# Wytheville.

## PENDLETON V. TAYLOR AND ALS.

### July 19th, 1883.

#### (Absent, *Fauntleroy, J.*)

1. EQUITABLE JURISDICTION—*Commissioner's report—Case at bar.*—In 1856 J., being *in extremis*, granted, to take effect at his decease, to I. land and a $1,200 bond; I. to pay J.'s heirs $1,200, and provide for J.'s widow and infant whilst at I.'s house. Before J.'s decease the land was sold, and T.'s $400 bond, *part* of the price, delivered with the $1,200 bond to I. In same year J. died. Next year the infant died, and the widow left I.'s house, taking with her, without I.'s knowledge, the two bonds. The bonds she delivered to J.'s administrators. The $1,200 bond was collected. Judgment was got on the $400 bond against T., who reserved his defence for the equity forum. In 1858 I. sued J.'s administrators, and after deducting $255, collected by him on the $1,200 bond whilst in his possession, got judgment for $187.18, with interest from 12th May, 1854. In 1871 these administrators sued I. for the $1,200 he was to pay under the grant of 1856 to J.'s heirs, and got judgment. T. got injunction to judgment on $400 bond. I. got injunction to judgment against him. In these causes, consolidated, in 1878, an account having been decreed and taken, commissioner reported that $255 of the $1,200 bond was paid to I., and $1,036.35, amounting with interest to $1,339.55, was paid to administrators of J., from which the $1,200 judgment against I. being deducted, left $139.55 due I. To this report no exceptions were made. Yet court below decreed against I. the payment of $648.

HELD :

    1. The report should have been sustained, and a decree conformable thereto entered, and the injunction perpetuated in the cause of I. *v.* J.'s administrators.

    2. I., not having received any part of the $400 bond, was not responsible therefor. J. paid full value for it. Questions arising concerning it arose between T. and J.'s administrators. If T. had and lost any rights, it was not by default of I.

3. The injunction in suit of T. v. J.'s administrators should be dissolved as to T., but perpetuated as to I.

2. IDEM—*Limitations at law—Judicial duty*.—The fact that a person, if left to his legal remedies, will lose his debt if the statute of limitations be pleaded, is no ground of relief in equity. Courts should adjust the rights of parties according to the law, and leave the consequences to take care of themselves. See MONCURE, P., in *Dobson* v. *Culpeper and wife*, 23 Gratt. 359.

Appeal of Ira N. Pendleton to decree of circuit court of Scott county, entered March 20th, 1880, in two causes consolidated, wherein Ira N. Pendleton was plaintiff, and Frederick S. Miles and James T. Lloyd, administrators of James M. Pendleton, deceased, were defendants, and wherein James Taylor was plaintiff, and the said administrators were defendants. The facts are sufficiently indicated in the syllabus and stated in the opinion of the court, for a proper understanding of the points decided.

*Morrison & Terry*, for the appellant.

*Burns & Hagan*, for the appellees.

LACY, J., delivered the opinion of the court.

In the year 1856, James M. Pendleton, by deed, conveyed to Ira N. Pendleton a tract of land and a bond of $1,200; the said conveyance to take effect on the death of the grantor, then daily expected. The grantee was to provide for the wife and infant child of the grantor, and pay to the child when arrived at a designated age, the sum of $1,200, with interest for five years discarded. Before the death of the grantor, the land was sold and the $400 of the purchase money evidenced by the bond of one James Taylor, was transferred and delivered to the original grantee along with the $1,200 bond.

In 1856, the grantor died. The following year the infant child died, and the widow removed from the house of the grantee, and carried with her, without the knowledge of the said

grantee, the two bonds of $400 and $1,200; and she caused administration to be had upon the estate of her husband, the deceased grantor in the said deed, and delivered the two bonds to the personal representative, and the $1,200 bond was collected, and suit brought on the $400 bond, and judgment recovered. In 1858, two years after the death of the aforesaid grantor in the above mentioned deed, the grantee instituted suit against the said personal representatives of his deceased brother, and after deducting from and crediting his claim with $255, which he had collected on the $1,200 bond while it was in his possession, he obtained a judgment against the said personal representatives for $187.18, August 16th, 1860, with interest from May 12th, 1854. The record of this case is not part of the record here, but the same is reported by the commissioner herein, and not excepted to.

In the year 1871, the personal representatives of the said James M. Pendleton, Miles and Lloyd, brought suit against Ira N. Pendleton for the $1,200 he was to pay under the deed of 1856, to the heirs of James M. Pendleton, deceased, and judgment was recovered therein; whereupon the said Ira N. Pendleton brought his suit against the said Miles and Lloyd in chancery, to restrain them from collecting the said judgment.

In the meantime judgment as aforesaid had been recovered against Taylor on the $400 bond; and the said Taylor brought his suit in chancery against the said Miles and Lloyd, administrators, restraining them from collecting the same. And after the taking of much testimony, the two causes were consolidated in the circuit court of Scott, and were referred to a commissioner for account.

On the 30th day of July, 1878, the report of the commissioner came in, and was filed. To this report there were no exceptions. The facts were reported by the said commissioner as stated above, viz: that $255 of the $1,200 bond was paid to Ira N. Pendleton, and $1,036.35 to the administrator of James M. Pendleton, deceased, which, with interest, made $1,339.55,

from which deduct the $1,200, which left a balance of $139.55 due Ira N. Pendleton. To this report of the commissioner, as has been said, no exceptions have been filed. Yet the judge of the circuit court virtually set the same aside entirely, and decreed against Ira N. Pendleton the payment of the sum of $648. The evidence shows completely and plainly that this money was never collected by Ira N. Pendleton, and that he was prevented from collecting it by the very parties to whom he was decreed to pay it, and moreover, the evidence shows that the said sum of money was actually collected and received by these same parties, who have successfully sought to collect it again in this suit. The conclusion of the circuit court is unsupported by the evidence in the cause, and is, indeed, without evidence, and the decree aforesaid is erroneous, and must be reversed and annulled. The said circuit court should have sustained the commissioner's report, and decreed accordingly, and perpetuated the injunction as to all the parties defendants in the suit of *Pendleton* v. *Pendleton's adm'rs, and others.*

As to the judgment against James Taylor on the bond of $400, the court erred in holding Ira N. Pendleton responsible for that judgment to Taylor or to any other person. Ira N. Pendleton had never collected it, nor received it in any way. It was due by Taylor. James M. Pendleton paid full value for it, and whatever questions arise thereunder arise between the said James M. Pendleton's administrators and the said James Taylor. And if the said James Taylor had any claims against the late firm of Ira N. & James M. Pendleton, it is his own fault if they are lost. The loss is not in anywise by default of Ira N. Pendleton, who closed up the said firm nearly thirty years ago, and never held during all that time the bond of the said James Taylor, which is the subject of litigation. The reasoning of the judge of the court below, that if Taylor is left to his legal remedies he will lose his debt should the statute of limitations be pleaded, is not sound. Courts are not called upon to evade any law, or to assist others in doing so. The rights of parties should

be adjusted according to their merits in the case in hand, and consequences left to take care of themselves. The statute of limitations is a statute of repose. It may not be pleaded, but when pleaded it is to be enforced like any other legal remedy. There is no ground whatever to call upon Ira N. Pendleton now at this late day to assume responsibilities for the estate of James M. Pendleton, deceased, which was never in his hands, and which was committed to the hands of others nearly thirty years ago.

The injunction in the suit of *Pendleton* v. *Pendleton* should be perpetuated.

The injunction in the suit of *Taylor* v. *Pendleton* should be dissolved as to the said Taylor, but perpetuated so far as it may concern Ira N. Pendleton.

And the decree complained of herein, of March, 1880, is reversed and annulled.

The decree is as follows:

The court is of opinion, for reasons stated in writing and filed with the record, that the circuit court erred in dissolving the injunction in the case of *Pendleton* v. *Pendleton, &c.*, as to any part of the judgment mentioned in the said decree obtained by *Pendleton's adm'rs* v. *Ira N. Pendleton.* And the court is further of opinion, that the circuit court erred in dismissing the bill of the said Taylor as to a part only of the parties defendant, and that the bill of the said Taylor should have been dismissed as to all the defendants thereto. Therefore, it is decreed and ordered, that the decree appealed from in this cause be reversed and annulled, and that the said personal representatives of James M. Pendleton, in the first named cause, pay to the defendant, Ira N. Pendleton, his costs in the prosecution of his appeal aforesaid here; and that the said James Taylor, in the second named cause, pay to the said Ira N. Pendleton his costs by him expended in the prosecution of his appeal here. And this court,

Decree.

proceeding to enter such decree as the said circuit court should have entered, it is ordered that the bill of the complainant, James Taylor, in cause of *Taylor* v. *Pendleton*, be dismissed, and the injunction in the case of Ira N. Pendleton against James M. Pendleton's personal representative be made perpetual, and and the personal representative of James M. Pendleton be perpetually enjoined from enforcing the judgment therein complained of, and the said Ira N. Pendleton recover his costs in the said circuit court against the said personal representative of James M. Pendleton, deceased, and against the said James Taylor. Which is ordered to be certified to the said circuit court of Scott.

DECREE REVERSED.